In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV

2005 MAY 18 A 11: 42

CLERK

| | | |
|---|---|---|
| MAXINE SALEMI and GERALD SALEMI, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| WILLIAM KENNEDY and MARILYN INTERIOR DESIGN, | : | |
| Defendants. | : | NO. CV204-067 |

## O R D E R

Plaintiffs, Maxine and Gerald Salemi, filed suit against Defendants, William Kennedy and Marilyn Interior Design, asserting negligence and loss of consortium claims. Presently before the Court is Plaintiffs' motion to vacate the Court's Order of dismissal. Because the purported service of process was ineffective, the motion will be **DENIED**.

### BACKGROUND

On July 18, 2002, the Salemis were visiting St. Simons Island, Georgia, on vacation from New Jersey. While walking

across Mallery Street in the village, Maxine Salemi alleges that she tripped over a dog ramp that extended from the rear of Defendants' sports utility vehicle. Ms. Salemi asserts that Kennedy's negligence in leaving the ramp extending out of the vehicle, unattended, and without proper warning, caused her to suffer personal injuries to her legs, chin, mouth, and hands.

On April 23, 2004, the Salemis filed this action in a federal district court in Newark, New Jersey. On May 3, 2004, the case was transferred to the Southern District of Georgia, Brunswick Division. On October 12, 2004, Plaintiffs moved for an extension of time to perfect service of process. In paragraph three of that motion, Plaintiffs admitted that "[s]ervice was unsuccessfully attempted on Defendant [sic] William Kennedy and Marilyn Interior Design at the address[] of . . . 2034 E. Alleghany [sic] Avenue, Philadelphia, PA 19134."

On October 13, 2004, Magistrate Judge James E. Graham granted Plaintiffs' requested ninety day extension of time to perfect service. On January 11, 2005, Plaintiffs filed a "Notice of Filing Affidavits of Service" with the Court. According to the affidavits of service, a summons was served at a business, upon a person not named as a defendant in this

2

AO 72A
(Rev. 8/82)

action, Marilyn Kennedy, by substitute service. Specifically, on April 14, 2004, Plaintiffs served a Mr. Mulligan at the Mulligan/Hollen Funeral Home, located at the Philadelphia address listed above, with notice of a lawsuit pending in New Jersey state court.

On January 19, 2005, Plaintiffs filed an amended complaint, reasserting their negligence and loss of consortium claims against Defendants. In an Order signed by the Court on February 17, 2005, but docketed by the Clerk on February 22, 2005, the Court required Plaintiffs to perfect service of process within sixty days, explaining that in default thereof, the cause would be dismissed without prejudice. On April 19, 2005, the Court dismissed the case. On April 22, 2005, Plaintiffs moved to vacate the dismissal.

## DISCUSSION

In their motion to vacate, Plaintiffs assert, for the first time, that service was perfected at the Philadelphia funeral home on April 14, 2004.[1]

---

[1] Plaintiffs also assert that the Court's sixty day time limit did not begin running until the Order was docketed by the Clerk on February 22, 2005, giving them until April 23, 2005, to effect service of process (which, according to Federal Rule of Civil Procedure 6(a), would have given Plaintiffs until April 25, 2005, to perfect service because April 23, 2005, was a Saturday). Assuming, for the sake of argument, that
(continued...)

3

Pursuant to Federal Rule of Civil Procedure 4(e)(2), service is proper when it is made on "the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

Plaintiffs aver that service was proper because the service was made on a "co-tenant," Mr. Mulligan. The Rule contemplates substitute service by leaving the summons and complaint with someone "of suitable age and discretion" at the defendant's "dwelling house or usual place of abode," not a place of business, such as a funeral parlor. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096 (3d ed. 2002).

Even assuming, arguendo, that service at the funeral home would have complied with Federal Rule 4(e), service of process was still ineffective. First, service upon a party not named in the suit does not notify other defendants not so served. Rule 4(e) requires that service be made on an individual personally, or that the summons and complaint be left at "the individual's" home. Marilyn Kennedy is not a defendant in the

---

(...continued)
Plaintiffs are correct in this contention, they have failed to present any evidence that they have met this later deadline for perfection of service.

4

instant action, and there is no allegation in the complaint that she was an agent or officer of the business entity that was named as a party to this lawsuit, Marilyn Interior Design.[2] Simply put, service upon Marilyn Kennedy is insufficient to notify William Kennedy or Marilyn Interior Design of the lawsuit.

Second, serving a defendant with a state court complaint is ineffective to notify him of a different lawsuit filed against him in federal court. Rule 4(a) of the Federal Rules of Civil Procedure requires that the summons properly identify "the court" where the action is pending. The purported service notified its recipient of a Bergen County, New Jersey Superior Court lawsuit, Docket No. L-007703-03, not the federal action ultimately transferred to this district.

Third, the summons was served on April 14, 2004, more than a week before the federal complaint was filed. Rule 4(b) "makes it clear that the only formal requirement for the issuance of a summons is the filing of a valid complaint with the court." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1084 (3d ed. 2002). Consequently,

---

2   As a corporation or unincorporated business association, service on Marilyn Interior Design needed to comply with Federal Rule of Civil Procedure 4(h) to be effective.

5

service of the complaint is ineffective if made prior to institution of the action.

The Court concludes that the attempted service of process was insufficient to notify Defendants of this action.

**CONCLUSION**

For the reasons explained above, Plaintiffs' motion to vacate the Court's order of dismissal is **DENIED**. See Doc. No. 10.

**SO ORDERED**, this 18th day of May, 2005.

                                            JUDGE, UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

V. Galasso
R. Middleton
M. Patel
D. Rehe

CASE NO: CV204-67
DATE SERVED: 5/18/05
SERVED BY: slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate